UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  NAFTALI STEIN,

                       Plaintiff,

        -against-                                  **ORDER**
                                                          20 CV 1929 (ARR) (CLP)

  MOSHE GREENFELD and FOCUSINC
  INTERNATIONAL CORP.,

                       Defendants.
----------------------------------------------------------- X
**POLLAK**, Chief United States Magistrate Judge:

       On April 27, 2020, plaintiff Naftali Stein filed this action against Moshe Greenfeld and Focusinc International Corp. ("Focusinc") (collectively, "defendants"), alleging breach of contract and seeking to recover unpaid minimum wages and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law, Art. 6 § 190 et seq., and Art. 19 § 650 et seq. and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively, "NYLL"), and the New York City Charter, § 20-929. The parties have consented to this Court's jurisdiction to determine the fairness of the proposed settlement of this matter.[1]

       The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement and Release (the "Settlement Agreement") filed with the Court. (See Sett. Agr.[2]). On December 10, 2020, plaintiff filed a motion requesting that the Court approve the Settlement Agreement as fair and reasonable pursuant to Cheeks v. Freeport Pancake House,

---

[1] See Consent Order to Magistrate Judge Dispositive Motion, endorsed by the Honorable Allyne R. Ross on November 17, 2020, ECF No. 23.

[2] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed as an attachment to plaintiff's Motion for Settlement Approval, filed December 10, 2020, ECF No. 24-1.

Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  On December 17, 2020, the Court held a fairness hearing on the motion.  For the reasons set forth below, the Court approves the parties' Settlement Agreement as fair and reasonable and approves the attorney's fee.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Amended Complaint, plaintiff was a professional recruiter for Focusinc, a recruitment business in Montebello, New York.  (Am. Compl.[3] ¶¶ 29, 30).  Focusinc employed Naftali Stein starting in November 2012.  (Id. ¶ 31).  Plaintiff's job entailed soliciting workers and firms for the recruitment business.  (Id. ¶¶ 31, 32).  Plaintiff claims that, starting in May 2019, he regularly worked 5 hours per week.  (Id. ¶ 37).  He claims defendants did not pay him anything for work performed after May 1, 2019.  (Id. ¶ 45).  Plaintiff further alleges that defendants failed to provide him with accurate wage statements and wage notices.  (Id. ¶¶ 39–40).

The parties propose to settle the case for a total of $75,000.  (Mot.[4] at 1).  Of that amount, plaintiff is to receive $49,653.33.  (Mot. at 7).  Plaintiff's counsel is to receive $25,346.67 in

---

[3] Citations to "Am. Compl." refer to the Amended Complaint, filed September 10, 2020, ECF No. 16.
[4] Citations to "Mot." refer to the Motion for Settlement Approval, filed by plaintiff on December 10, 2020, ECF No. 24.

attorney's fees and costs.  (Id.)

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").  Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948

3

F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at *9. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id at *8.

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. The written agreement contains no impermissible "no assist," "no employment," confidentiality, or non-disparagement clauses, which contravene the FLSA. See Garcia v. Good for Life by 81, Inc., No. 17 CV 7228, 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018); Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).

Although the Settlement Agreement contains a release of all claims, the Court finds such a release to be reasonable under the circumstances. Courts reject such releases where they are impermissibly broad, because of the concern that employers will leverage FLSA settlements to avoid liability in exchange for partial payment of wages required by statute. See Lopez v. Nights of Cabiria, 96 F. Supp. 3d at 181. Here, the release is mutual, mitigating the concern that such a waiver will benefit only the defendants. See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 2016 WL 922223, at *2 (S.D.N.Y. 2016); Souza v. 65 St. Marks Bistro, 2015 WL 7271747, at *5. Courts have concluded that such releases do not offend Cheeks when the plaintiff stands to realize a practical benefit in exchange for broadly releasing all claims. See

4

Daniels v. Haddad, No. 17 CV 8067, 2018 WL 6713804, at *1 (S.D.N.Y. Dec. 17, 2018). Given that defendants have intimated that they would assert counterclaims against the plaintiff if the litigation were to proceed, the mutual release is justified in this case. (Mot. at 2). Finally, this case goes beyond the standard wage and hour case subject to Cheeks review. Here, plaintiff's breach of contract claims predominate over his wage and hour claims, because the claims for unpaid commissions owed under the contract constitute over 90% of his estimated damages. (Mot. at 7). Therefore, a general release helps to effectuate the full resolution of this matter. Accordingly, the Court concludes that the general release is fair and reasonable under the circumstances.

3. Settlement Amount

The Settlement Agreement, which was reached after a period of arm's-length bargaining supervised by this Court, proposes a total settlement amount of $75,000. (Mot. at 1). In reaching this agreement, the parties acknowledge that there were ongoing disputes regarding the plaintiff's claims and the extent of damages to be awarded. (Mot. at 8). For example, defendants asserted that plaintiff was an independent contractor for purposes of the FLSA and NYLL. (Id.) Defendants further asserted that the employment agreement is unenforceable. (Id.) Further, defendants asserted counterclaims against the plaintiff. (Id.) Here, the settlement was reached after extensive efforts on the part of counsel and this Court.

Plaintiff estimated that his total damages could be as high as $216,905.14. (Id.) Under this agreement, plaintiff will receive $49,653.33. (Mot. at 7). Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds

that the settlement reached is fair and reasonable. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

4. Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In

6

reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'" Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013). Courts in this Circuit have reduced the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

Here, plaintiff's counsel seeks exactly one-third of the total settlement, plus costs, amounting to a total of $25,346.67. (Mot. at 7). As plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, upon review of the parties'

7

submission and consideration of the Goldberger factors set forth above, the Court finds that the requested fee is reasonable.

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that counsel's request for fees and costs is reasonable.

The Court directs the parties to submit a signed Stipulation of Dismissal by December 31, 2020.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 17, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York